*178 OPINION of the Court, by
Ch. J. Boyle.
The following errors are assigned in this case :
1st. “ The verdict of the jury is no answer to the issue ; and therefore a venire facias de novo ought to have been awarded.”
2d. “ The inferior court erred in refusing to grant a new trial upon the case as made out by the bill of exceptions.”
3d. “ Judgment is erroneously entered against the appearance bail; the defendants’ by being permitted to appear and plead to the action without giving special bail, having released their appearance bail.”
The objection taken to the verdict, seems to be without foundation. The issue was joined upon a plea of tender, and the verdict was given by the jury in the following words : “ We, of the jury, find for the plaintiff one hundred and thirty-three dollars and eighty cents in damages.” Verdicts are tobe favorably construed, and technical objections to the want of form in wording them, disregarded. If it can be inferred from the verdict that the jury have found the point ia issue, it is the du *179 ty of the court to work and mould it into form according to the real justice of the case. Such is the substance, of the rule laid clown in Hawks vs. Crofton, 2 Burrows 700, a rule which we think founded in good sense, and conducive to the ends of justice.
Plaintiff cannot take judgment againft defendant and appearance bail after accepting appearance and ■plea without ln-iiftmgonbaii to* the action.
Where there is, as in the present case, but a single issue joined, a general verdict for the plaintiff or for the defendant, though less formal, is not less intelligible than if it concluded in the words of the issue.
The second error assigned seems also untenable. The defendants by their affidavit exhibited in their bill of exceptions, after stating the absence of themselves and witnesses, when the cause was called for trial, and the reasons which,, notwithstanding their exertions, prevented their attendance, conclude by alleging that they have a just and honest defence to make to the plaintiff’s action, which they are advised by their counsel can be made before the jury alone, and that if a new trial is refused they are utterly remediless.
In no case ought a new trial to be granted for the absence of witnesses, unless the facts expected to be proven by them are disclosed, that the court may judge of the materiality of their testimony. However satisfactory therefore the reasons alleged by the defendants for the absence of themselves and witnesses may be, the case made out by them does not afford ground for granting a new trial. It was not sufficient to allege that their defence was just and honest, they ought to have stated the nature of their defence, that the court might have been enabled to determine whether it was just or otherwise, and not having done so, the court acted correctly in refusing a new trial.
The objection taken to the judgment against the appearance bail is well founded.
Bail is given for the benefit of the plaintiff, and it is a rule that any one may renounce a right introduced for his own benefit. No objection being made on the part of the plaintiff, to the defendants’ appearing without special bail, he must be considered as having waived his right to insist upon special bail. The final judgment given against the appearance bail after the defendants were permitted, without special bail, to appear and. plead, is therefore erroneous.
*180 'Wherefore k is considered- by the court, that: the judgment of the circuit court be reversed, and that the cause be remanded to said court, who are hereby d:i,-' ted to enter judgment against the defendants only.